UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**WILLIE FRY**                                                                                                                                    **PLAINTIFF**

**VS.**                                                         **CIVIL ACTION NO. 3:22-cv-00027-MPM-RP**

**CITY OF HERNANDO, MISSISSIPPI**                                                                  **DEFENDANT**

**ORDER**

Plaintiff Willie Fry, now acting *pro se*, has filed a motion seeking for this court to reconsider its ruling dismissing this case on summary judgment. This court believes that plaintiff's motion is quite succinctly rebutted by the City of Hernando's response to it, wherein defendant writes that:

> Plaintiff Willie Fry's "reconsideration" motion has zero merit. See Doc. No. 101. Fry's motion does not allege any legal errors with the Court's decision, or even attempt to meet apply the legal standard that governs a motion for reconsideration. Instead, Fry complains only of the legal representation he received from three separate attorneys. *Id.* He also asserts that he has evidence to support his claim, without telling the City or this Court what that evidence is, all while requesting a third chance to conduct discovery. His request is too little too late. If he had evidence to support his claim, it should have been submitted in response to the two summary judgment motions already filed. A third round of discovery is unwarranted and abusive. Fry's motion should be denied.

[Brief at 1].

To these observations, this court would add that the operation of the judicial system generally requires parties to act through attorneys, and it would clearly be unworkable for courts to have to deal with two rounds of motions, the first filed by attorneys and the second filed by their clients, who argue what their counsel *should* have done in representing them. Moreover, even assuming that there are extreme cases where this court might be inclined to allow a party to make such arguments after the fact, this is plainly not one of those cases. Indeed, the sheer

number of attorneys which plaintiff has gone through in this case suggests that the problem lies primarily with *him*, and not his counsel.

In addition to plaintiff's rocky history as a client, this court notes that, in granting summary judgment, it found that he – not his attorneys – had been personally dishonest in providing evidence in this case. Specifically, this court noted that:

> Plaintiff asserted in his affidavit, for example, that another black employee, Edwin Stewart, had complained to him about being passed over for a promotion, and he used this assertion to buttress his contention that defendant was biased against African-American firefighters when it came to making promotions. *Fry*, 2023 WL 5729222, at *2-3. In response, however, the City noted that the official records of its Board of Aldermen meetings conclusively established that Stewart had actually *received* the promotion in question, a fact which plaintiff did not deny in his deposition. *Id.* at 3. Based on this and other contradictions between the known record and plaintiff's affidavit, this court concluded that this case was a proper one for the application of the so-called "sham affidavit" doctrine. *Id.* at 4. This court noted that under this doctrine, "the court will 'not allow a party to defeat a motion for summary judgment by using an affidavit that impeaches, without explanation, sworn testimony." *Id.*, citing *Bell v. FEUER Powertrain North Am., Inc.,* 2022 WL 14812685, *2 (N.D. Miss. Oct. 25, 2022). Plaintiff's sham affidavit gave rise to concerns in this court's mind that he had not merely been delinquent in prosecuting his claims, but that he had been affirmatively untruthful in attempting to buttress them.

[Summary judgment order at 2]. In spite of these findings, this court allowed plaintiff an additional opportunity to conduct discovery in support of his claims, of which he failed to take advantage. This court frankly believes that it has bent over backwards to accommodate plaintiff in this case, and it finds his motion to reconsider to be completely without merit. That motion will therefore be denied.

It is therefore ordered that plaintiff's motion to reconsider and motion for a hearing are denied.

This, the 12th day of September, 2024.

        /s/Michael P. Mills
        U.S. DISTRICT COURT
        NORTHERN DISTRICT OF MISSISSIPPI